UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TYSON R. MACKAY,

               Petitioner,            2:13-cv-02140-TC

            v.                      FINDINGS AND
                                   RECOMMENDATION
JEFF PREMO,

               Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to Judgment from the Clackamas County Circuit Court after convictions for Violating a Court's Stalking Protective Order, Menacing, Assault in the Fourth Degree, and Strangulation. Exhibit 101. After pleading guilty to these crimes, the court imposed a total of 41 months of incarceration followed by a period of post-prison supervision.

1 - FINDINGS AND RECOMMENDATION

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and petitioner did not seek review from the Oregon Supreme Court. Exhibits 105 - 107.

Petitioner filed a Second Amended Petition for Post-Conviction Relief, Exhibit 108. The PCR trial court granted relief as to two of petitioner's claims, and denied relief on the remainder. Exhibit 123.[1] The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 124 - 128.

Petitioner filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254 (#2) alleging a number of claims of ineffective assistance of trial and appellate counsel and that he "was not granted the appropriate constitutional remedy when he was granted relief in state court." Petition (#2) p. 6.

Respondent now moves to deny relief on the grounds that petitioner's ineffective assistance of counsel claims are procedurally defaulted and that the "PCR court decision granting relief in the form of amending the trial court judgment rather than vacating petitioner's convictions did not constitute an unreasonable application of clearly established

---

[1]
The PCR court ordered that the incarceration period of petitioner's sentence be reduced to 40 months, and that the post-prison supervision period on the violation of the stalking order conviction be reduced to a "determined length of 19 months." Exhibit 123.

United States Supreme Court precedent." Response (#15) p. 2.

In Ground One petitioner alleges several claims of ineffective assistance of trial counsel and a single claim of ineffective assistance of appellate counsel.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433

U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 748 (1986); <u>Hughes v. Idaho Bd. of Corr.</u>, 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray</u>, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. <u>Id</u>.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998).

In this case, petitioner raised the claims alleged in Grounds One in his post-conviction proceeding. However, he did not advance those claims on appeal and thus did not "fairly present" the claims to the Oregon Supreme Court.

The time for presenting new claims to the Oregon courts is long past and petitioner is now barred under Oregon law

4 - FINDINGS AND RECOMMENDATION

from filing any additional appeals or PCR proceedings.[2]
Accordingly, petitioner's claims in Grounds One are
procedurally defaulted. Petitioner has not established any
cause and prejudice for his procedural default or that he is
entitled to the "fundamental miscarriage of justice" fairness
exception to the exhaustion requirement. Therefore,
petitioner's claims alleged in Ground One should be denied.

Petitioner raised the claim alleged in Ground Two in his
PCR appeal by arguing that the PCR trial court erred by not
ordering a withdrawal of the guilty plea and vacation of his
convictions. However, he contended only that the error
constituted a violation *of state* law.

To "fairly present" a federal claim in state court,
habeas petitioners must "include reference to a specific
federal constitutional guarantee, as well as a statement of
facts that entitle the petitioner to relief." Gray v.
Netherland, 518 U.S. 152, 162-63 (1996).; see also Castillo v.

---

2

ORS 138 requires that direct appeals be filed not later
than 30 days after the judgment or order appealed from
was entered in the register. ORS 138.650 requires that
PCR appeals be filed within 30 days after the entry of
final judgment. ORS 2.520 requires petitions for review
to the Oregon Supreme Court be filed within 35 days from
the date of the Court of Appeals' decision. *See also*,
ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that
all PCR claims must be asserted in the original or
amended petition unless they could not reasonably have
been asserted therein, and any claims not so asserted are
deemed waived.

5 - FINDINGS AND RECOMMENDATION

McFadden, 399 F.3d 993, 1000 (9th Cir. 2005); *see also*, Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (*per curiam*) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Because petitioner did not "federalize" his argument that the PCR court erred in ordering the remedy that it did, petitioner did not "fairly present" his claim alleged in Ground Two to the Oregon courts, and it is procedurally defaulted.

Even if petitioner's argument to the PCR appellate court could be construed as presenting a federal claim, that court's decision to order a particular remedy was not objectively unreasonable and is entitled to deference by this court.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the
Supreme Court of the United States; or

2. resulted in a decision that was based on an
unreasonable determination of the facts in light of
evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the
AEDPA, Congress intended to change the habeas corpus field by
curbing delays, preventing "re-trials" on federal habeas, and
giving effect to state convictions to the extent permissible
under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000).
In addressing the deference requirements set forth in 28
U.S.C. § 2244(d)(1), the Court specifically found that the
"contrary to" and "unreasonable application" clauses of the
AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme
Court held that "a state court decision is 'contrary to our
clearly established precedent if the state court applies a
rule that contradicts the governing law set forth in our
cases' or 'if the state court confronts a set of facts that
are materially indistinguishable from a decision of this Court
and nevertheless arrives at a result different from our
precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that:

Under the 'unreasonable application clause,' a
federal habeas court may grant the writ if the
state court identifies the correct governing legal

7 - FINDINGS AND RECOMMENDATION

> principle from this Court's decisions but
> unreasonably applies that principle to the facts of
> the prisoner's case. The 'unreasonable
> application' clause requires the state court
> decision to be more than incorrect or erroneous.
> The state court's application of the clearly
> established law must be objectively unreasonable.

Andrade, Id.

The Andrade Court further clarified that under 28 U.S.C.

§ 2254(d) a state court's decision is not necessarily

objectively unreasonable even if it is clear error.

> It is not enough that a federal habeas court, in
> its independent review of the legal question' is
> left with a 'firm conviction' that the state court
> was erroneous. We have held precisely the
> opposite: Under § 2254(d)(1)'s 'unreasonable
> application' clause, then, a federal habeas court
> may not issue the writ simply because that court
> concludes in its independent judgment that the
> relevant state-court decision applied clearly
> established federal law erroneously or incorrectly.
> Rather that application must be objectively
> unreasonable.

Id.

It is not an objectively unreasonable application of

clearly established federal law for a state court to decline

to apply a specific legal rule that has not been squarely

established by the Supreme Court. Carey v. Musladin, 549 U.S.

70, 76-77 (2006).

Even incorrect state-court decisions must be given

deference, unless they are contrary to or objectively

unreasonable applications of a Supreme Court holding. This is

true even if the state courts do not fully articulate their

8 - FINDINGS AND RECOMMENDATION

reasoning. <u>Delgado v. Lewis</u>, 223 F.3d 976. 982 (9th Cir. 2000)
("Federal habeas is not de novo when the state court does not
supply reasoning for its decision, but an independent review
of the record is required to determine whether the state court
clearly erred in its application of the controlling federal
law.").

Finally, under 28 U.S.C. § 2254(d)(2), "factual
determinations by a state court are presumed to be correct
absent clear and convincing evidence to the contrary." <u>Miller
-El v. Cockrell</u>, 537 U.S. 322, 340 (2003). The AEDPA thus
sets out a "highly deferential standard for evaluating state
court rulings," which requires that state court decisions be
given the benefit of the doubt. <u>Woodford v. Visciotti</u>, 537
U.S. 19 (2003) (*per curiam*), quoting <u>Lindh v. Murphey</u>, 521
U.S. 320, 333 n. 7 (1997).

The PCR trial court granted relief on two of petitioner's
claims of ineffective assistance of trial counsel.
Specifically, that court concluded that trial counsel was
ineffective for not objecting to the imposition of a 41 month
sentence on the ground that it exceeded the state's written
agreement not to recommend more than 40 months and by not
objecting to the length of post-prison supervision. Exhibits
122 and 123. As a remedy, the court modified the trial court's
judgment to reduce the total incarceration sentence to 40

months, and to shorten the length of post-prison supervision.

On PCR appeal, petitioner argued that the PCR trial court should have ordered that the plea agreement be withdrawn and that petitioner's conviction be vacated. Exhibit 124. As noted above, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

The PCR court decision was neither contrary to, nor an unreasonable application of, clearly established U.S. Supreme Court precedent.

The U.S. Supreme Court has held that "the ultimate relief to which petitioner is entitled [for the state's breach of a plea agreement] we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of [a] case require only that there be specific performance," or some other form of relief. <u>Santobello v. New Yourk</u>, 404 U.S. 257, 262-63 (1971).  *See also*, <u>Pierre v. Thompson</u>, 666 F.2d 424, 427 (9th Cir. 1982)("The prevailing view is that the relief to be afforded in the federal court to the state prisoner for the broken plea agreement upon petition for habeas corpus rests within the sound discretion of the state court as indicated by the opinion of the court in *Santobello*").

In this case the PCR court's decision to grant specific performance - that is, reducing petitioner's sentence to the

10 - FINDINGS AND RECOMMENDATION

maximum amount that the state agreed to recommend, and modifying the term of post-prison supervision to comply with Oregon law - was within its discretion and did not violate any clearly established U.S. Supreme Court precedent.

Therefore, petitioner's claim alleged in Ground Two should be denied.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this ⟶ day of November, 2014.

_____
·Thomas M./Coffin
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION